# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

---

**BAT,**

   Plaintiff,

  v.              **Case No. 19-CV-89**

**JEREMY DEPPISCH,**
**SUSAN MOORE,**
**ABC TRAINING OFFICER,**
**ABC TRAINING SUPERVISING OFFICER, and**
**JAMIE GLEISNER,**

   Defendants.

---

## ORDER

---

Before the court is plaintiff BAT's motion to dismiss defendant Jeremy Deppisch's counterclaim (ECF No. 13) and defendants Jamie Gleisner and Susan Moore's motion to dismiss Deppisch's Crossclaim (ECF No. 14). The time for Deppisch to respond to either motion has passed, and he has failed to do so. Therefore, the motions are now ripe for the court's disposition. For the following reasons, the motions will be granted.

### 1. Procedural Background

On January 15, 2019, BAT filed her complaint alleging that the defendants violated her constitutional rights and various state law rights by subjecting her to repeated sexual assault. (ECF No. 1). Judge Lynn Adelman screened the complaint on February 19, 2019 and allowed BAT to proceed on her claims against the

defendants. (ECF No. 4). He then referred the matter to this court for all pretrial matters. (ECF No. 9).

After being served with BAT's complaint, the defendants filed their respective answers. Defendant Deppisch answered the complaint and included with his answer counterclaims against BAT and cross-claims against defendants Gleisner and Moore. (ECF No. 8). Because BAT and defendants Gleisner and Moore have move for defendant Deppisch's respective claims to be dismissed based on their failure to state a claim, the court sets out the entirety of defendant Deppisch's counterclaims and cross-claims as follows:

> Counter Claim:
> Defendant asserts Courter Claims
> 1. Defamation
> 2. Interference of Contract
> 3. State Claims
> 4. Intentional Infliction of Emotional Distress
>
> Cross Claims:
> 1. Defamation
> 2. Interference of Contract
> 3. State Claims
> 4. Intentional Infliction of Emotional Distress

(ECF No. 8 at 2.)

### 2. *Analysis*

Federal Rule of Civil Procedure requires that a complaint provide "'a short and plaint statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon with it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *abrogated by Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007); *see also* Fed. R. Civ. P. 8(a). While a plaintiff must provide the grounds of his entitlement to

relief, Rule 8 does not mandate the inclusion of "detailed factual allegations" within a complaint. *Twombly*, 550 U.S. at 545 (quoting *Conley*, 355 U.S. at 47). However, at the same time, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 550 U.S. at 563.

A Rule 12(b)(6) motion to dismiss attacks the legal sufficiency of a complaint. *See* Fed. R. Civ. P. 12(b)(6). "[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679.

Applying these principals to defendant Deppisch's counterclaims and cross-claims, the court finds he has failed to adequately state his claims, let alone provide any facts. He merely lists sets of legal principals without any clarity as to what exactly he is asserting against BAT or the other defendants. Further, he does not include any facts to support his lists. Overall, Deppisch's asserted counterclaims and cross-claims fail to meet the federal pleading standards because they are not sufficient to give rise to a plausible claim for relief. *See Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570.) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'")

Defendant Deppisch should not attempt to replead his counterclaims or cross-claims unless he can clearly identify the laws, statutes, or constitutional provisions under which he seeks to bring any such claims and provide sufficiently detailed facts to support each element of each cause of action he asserts.

**THERFORE, IT IS ORDERED** that BAT's motion to dismiss defendant Deppisch's counterclaims (ECF No. 13) is **GRANTED**.

**IT IS ALSO ORDERED** that the defendants Jamie Gleisner and Susan Moore's motion to dismiss defendant Deppisch's cross-claims (ECF No. 14) is **GRANTED**.

**IT IS FURTHER ORDERED** that a party may serve and file objections to this order within fourteen days of being served with the order. *See* Fed. R. Civ. P. 72(a). The district judge will consider a timely objection and will modify or set aside this order or any part of this order only if it is clearly erroneous or contrary to law.

Dated at Milwaukee, Wisconsin, this 3rd day of June, 2019.

**BY THE COURT:**
*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge